Reuben INGRAM, Petitioner,

v.

Ray H. PAGE, Warden, et al., Respondents.

No. A–14965.

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1968.

Reuben Ingram, pro se.

Roy H. Semtner, City Atty., Oklahoma City, for respondents.

## MEMORANDUM OPINION AND ORDER

### PER CURIAM:

This is an original proceeding on a petition for a writ of mandamus seeking credit on a prison sentence for time served in jail after parole violation which came on for hearing before the Referee of this Court.

Petitioner was sentenced on January 27, 1967, to three years for Grand Larceny After Former Conviction of a Felony. On August 1, 1968, Petitioner was granted a parole and released from the Penitentiary on August 8, 1968. An Oklahoma City Police Department investigation report indicates that on August 15, 1968, officer D. Smathers was called by the "warrant office" advising that the Petitioner had failed to report to his probation officer or register as an ex-convict and that he was wanted on eleven traffic charges. Officer Smathers thereupon attempted to locate Petitioner.

On the same date, August 15, Petitioner was taken into custody and on the advice of Mr. Ken Shipman, Petitioner's parole officer, he was booked into jail on the charge "Traffic, Failure to Report to Probation Officer." A Police Department investigation report dated August 16, 1968, further indicates that Department of Corrections Warrant #2920 charging Petitioner with violation of the terms of his parole was received and executed by the police and that on the same date Petitioner was also charged with "strong armed robbery."

On August 20, 1968, Kenneth Shipman recommended to the Deputy Director of the Division of Probation and Parole that Petitioner's parole be revoked. On August 29, 1968, the Governor issued an order revoking Petitioner's parole. On September 23, 1968, Petitioner was returned to the Oklahoma State Penitentiary as a parole violator. On October 3, 1968, the armed robbery charged against Petitioner was dismissed in Oklahoma County.

It is clear that Petitioner is presently in the penitentiary as a result of the original sentence and for violating his parole under the sentence. Accordingly, it would appear that he would be entitled to credit for time served in jail as a result of violating his parole. The only question that arises is whether he should receive credit from the date that he was booked into the Police Station for "Traffic, Failure to Report to Probation Officer" (August 15), or on the date the Department of Corrections warrant was received (August 16), or on the date of the Governor's order revoking the parole (August 28).

We find that, notwithstanding the traffic charge against Petitioner, he was arrested, apprehended, and taken into custody on August 15, 1968, for failure to report to his parole officer which is a violation of the terms of his parole. Accordingly, as of that date Petitioner was in custody and serving time on his original term of imprisonment. Wiley v. Pardon and Parole Department, Okl.Cr., 429 P.2d 532.

It is therefore ordered that the Warden of Oklahoma State Penitentiary direct the Record Clerk to credit Petitioner on his term of imprisonment for the time he spent in jail beginning August 15, 1968, until September 23, 1968.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law by the Referee were submitted to the Court and approved and adopted by the Court.