**Leroy WILLIAMS, Jr., Petitioner,**

**v.**

**STATE of Oklahoma, and Ray H. Page, Warden, Respondents.**

**No. A–14815.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1969.

Leroy Williams, Jr., pro se.

G. T. Blankenship, Atty. Gen., H. L. Mc-Connell, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which Leroy Williams, Junior, presently incar-

cerated in the Oklahoma State Penitentiary, seeks a writ of mandamus to direct the prison officials to credit him with time served in the Carter County jail subsequent to his release from the penitentiary on parole and prior to his return to that institution as a parole violator.

Pitionere

Petitioner alleges that he was sentenced on July 9, 1964, in Pottawatomie County, Oklahoma, to a seven year sentence for second degree burglary. On July 12, 1967, he was paroled from that institution. Subsequently, on December 12, 1967, Petitioner alleges that he was arrested in Ardmore, Carter County, Oklahoma, on the charge of "suspicion of burglary"; that parole revocation proceedings were then instituted, and that on February 18, 1968, the charge of "suspicion of burglary" was dismissed and he was returned to the penitentiary as a parole violator.

The police records of the City of Ardmore indicate that Petitioner was charged on December 12, 1967, with the crime of second degree burglary and that this charge is still pending in district court and has not been dismissed. The district attorney's office for Carter County also indicates that this charge has not been dismissed and will be brought to trial. The police records of the City of Ardmore do not indicate that Petitioner was held as a parole violator or under an order of the Pardon and Parole Board.

In Wiley v. Pardon and Parole Department, Okl.Cr.App., 429 P.2d 532, 533, the Petitioner while on parole was arrested and charged with commission of a crime and held under order of a warrant from the State Pardon and Parole Board revoking his parole. Subsequently, the charge alleging the commission of a crime was dismissed and the Petitioner was returned to the penitentiary as a parole violator. This court then held that he was entitled to credit as a deduction from his term of imprison-

ment for the jail time he served under the warrant revoking his parole. In Ingram v. Page, Okl.Cr.App., 446 P.2d 616, the Petitioner who was on parole from the penitentiary was arrested and taken into custody on a traffic charge and for parole violation. The traffic charge was later dismissed and this court held that Petitioner was entitled to the jail time served as a parole violator prior to his return to the penitentiary as a deduction from his term of imprisonment.

The rule of law in the two above cases indicates that a parolee is entitled to credit as a deduction from his term of imprisonment for any jail time served under authority of the Pardon and Parole Board charging the petitioner as a parole violator when the petitioner is subsequently returned to the penitentiary as a parole violator. This is not to say that any parolee is entitled to a deduction from his original term of imprisonment for jail time served on another charge other than parole violation. It is apparent that if a parolee is serving time in a jail as a parole violator he is serving time on his original term of imprisonment although he has not yet been returned to the penitentiary.

In the instant case the police records of the City of Ardmore indicate that Petitioner was charged and placed in custody for second degree burglary and does not indicate that he was charged or held under authority of the Pardon and Parole Board as a parole violator. Since Petitioner was in custody on a charge other than parole violation he would not be entitled to credit as a deduction from his term of imprisonment for the jail time served under the rule set forth above. We therefore find that Petitioner is not entitled to relief under the allegation contained in his petition and that the same should be dismissed and the relief prayed for denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the

Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.