Benny George LOTT, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–16051

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1971.

---

1. Standards Relating to Probation, Section 1.3(a).

Benny George Lott, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, for respondent.

## MEMORANDUM OPINION

NIX, Judge:

This is an original proceeding by the petitioner, Benny George Lott, pro se, for a writ of mandamus to direct the respondent to deduct from his term of imprisonment, time spent in jail.

From the evidence before us it appears that the petitioner was received at the Oklahoma State Penitentiary on June 18, 1966, to serve a five year sentence on his conviction for Burglary Second Degree from the District Court of Oklahoma County, Case No. 30,889. On February 26, 1968, the petitioner was paroled from this sentence. On January 31, 1969, the petitioner was arrested and incarcerated in the Oklahoma County jail on a charge of Second Degree Burglary, After Former Conviction of a Felony, Oklahoma County Case No. CRF–69–200. On March 3, 1969, petitioner's parole from the five year term in Case No. 30,889 was revoked. On April 21, 1969, the petitioner, while represented by counsel, entered a plea of guilty in Case No. CRF–69–200 and was sentenced to serve a seven year term of imprisonment. Petitioner was returned to Oklahoma State Penitentiary on April 28, 1969, to serve the balance of his term on the revoked parole in Case No. 30,889. The prison records indicate that on June 10, 1969, petitioner satisfied his five year term in Case No. 30,-

889, being granted as a reduction from his term, 255 days jail time, 60 days blood time, and 16 days parole violation time. It was on that same date of June 10, 1969, that the penitentiary records indicate petitioner began serving his seven year sentence in Case No. CRF–69–200.

It is petitioner's contention that he should be awarded as a deduction from his five year term in Case No. 30,889, 57 days served in the county jail. Petitioner argues that from the date of the parole revocation on March 3, 1969, he was being held under the authority of the Pardon and Parole Board because of his sentence in Case No. 30,889, and that this time should be deducted from said sentence. After reviewing the evidence before us, we find no merit to petitioner's contention.

Since the petitioner's parole in Case No. 30,889 had been revoked prior to his return to the penitentiary, he was properly booked in as serving the balance of that sentence. Dodd v. State, Okl.Cr., 449 P.2d 897 (1969).

We cannot agree that the petitioner should be granted credit for the time served in jail after the date of the revocation of parole since he was in jail during this time by virtue of the pending charge in Case No. CRF–69–200. In Williams v. State, Okl.Cr., 450 P.2d 232 (1969) this Court held:

> "A penitentiary inmate is not entitled to a deduction from his term of imprisonment for time while on parole spent in jail charged with the commission of a different crime and not under authority of the Pardon and Parole Board."

It is true that a penitentiary inmate is entitled to time served in jail when the only reason for such incarceration is a warrant revoking the parole. See, Wylie v. Pardon and Parole Department, Okl.Cr., 429 P.2d 532. But where, as in the instant case, the petitioner was incarcerated in jail by virtue of a pending charge which was

not dismissed, he is not entitled to a deduction for jail time.

Accordingly, we find no basis for granting of the relief requested herein. Writ denied.

BUSSEY, P. J., and BRETT, J., concur.