## EX PARTE ROBERT LEE BOYD.

No. 24103. June 2, 1948.

Hon. Max Rogers, Judge Presiding.

No attorney of record on appeal for appellant.

*Price Daniel,* Attorney General, and *Willis E. Gresham,* Assistant Attorney General, both of Austin, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Relator, who is confined in the state penitentiary under and by virtue of fourteen felony convictions in seven counties of this State, applied to the Honorable Max Rogers, Judge of the District Court of Walker County, for a writ of habeas corpus. He alleged in his application that he was illegally confined and restrained of his liberty by the warden of said penal institution and prayed that the writ be issued and upon a hearing thereof, that he be released from such confinement. The judge of said court heard the evidence thereon and directed that the record be forwarded to this court for a final disposition of the questions involved.

The record discloses that relator was convicted in Tom Green County for the offense of robbery and sentenced to a term of five to eight years; that he was convicted in Travis County in three separate cases for the offense of burglary and sentenced to two to ten years in each case; that he was convicted of felony theft in McLennan County and sentenced to two to six years; that he was convicted in Limestone County for the offense of burglary in three separate cases and sentenced in each case

of two years; that he was convicted in Robertson County for burglary and sentenced to two years; that he was convicted in Hill County for burglary and sentenced to two years; that he was convicted in Liberty County for felony theft in two separate cases and sentenced in each case to two to eight years. All of the convictions occurred in the year 1941 and run concurrently.

It further appears from the record that in July, 1946, relator was found in possession of seventy tubes of benzidine in violation of the rules of the prison system and in August of the same year, he broke into a locker of another inmate of the institution and stole some watches which was also a violation of the rules of the prison system wherefore all commutation of time to which he was entitled under Chapter 180 of the Acts of the 49th Legislature was forfeited by him and revoked by the warden of the penitentiary system upon the recommendation of the Classification Committee and he was transferred from Class I to Class III. It is this action of which he complains. He contends that he had earned twenty days per month commutation of time and this could not be taken from him although he may have violated some of the rules of the penitentiary system while confined in said institution. In determining the question we must look to Chapter 180 of the Acts of the 49th Legislature, which reads as follows:

"In order to encourage prison discipline, a distinction may be made in the treatment of prisoners so as to extend to all such as are orderly, industrious and obedient, comforts and privileges according to their deserts. The reward to be bestowed on prisoners for good conduct shall consist of such relaxation of strict prison rules and extension of social privileges as may be consistent with proper discipline. Commutation of time for good conduct, industry and obedience shall be granted by the General Manager and twenty (20) days per month deduction shall be made from the term or terms of sentences of all prisoners in Class I and ten (10) days per month deduction shall be made from the term or terms of sentence of all prisoners in Class II as hereinafter provided, when no charge of misconduct has been sustained against a prisoner. A prisoner under two (2) or more cumulative sentences shall be allowed commutation as if they were all one sentence. For each sustained charge of misconduct in violation of any rule known to the prisoner (including escape or attempt to escape), any part or all of the commutation which shall have occurred in favor of the prisoner to the date of said misconduct may be forfeited and taken away by the General Manager upon the recommendation of the Classi-

fication Committee and/or the Disciplinary Committee unless, in case of escape, the prisoner voluntarily returns without expense to the state, such forfeiture shall be set aside by the General Manager. No overtime allowance of credits, in addition to the commutation of time herein provided for good conduct, may be deducted from the term or terms of sentences with the exception that for extra meritorious conduct on the part of any prisoner, he may be recommended to the Board of Pardons and Paroles and to the Governor for increased commutation or for a pardon or parole."

It will be noted that the object and purpose of the act is to encourage prison discipline in the treatment of prisoners so as to extend to all such as are orderly, industrious and obedient. Commutation of time for good conduct, industry and obedience shall be granted by the General Manager. It also provides that for each sustained charge of misconduct in violation of any rule known to the prisoner, any part or all of the commutation which shall have accrued in favor of the prisoner to the date of said misconduct may be forfeited and taken away by the General Manager upon the recommendation of the Classification Committee. It will be noted that the benefits which accrue to the prisoner are based on condition of good behavior, and also provides for revocation of the benefits which may have accrued when he violates any rule of the system. He will not be permitted to insist on the benefits accorded to him and repudiate the obligations resting on him to secure the benefits. It is not a vested right as contended for by him but only contingent until the time arrives when its allowance will end his term of imprisonment. In other words, he is only entitled to have the commutation time when it and the time served would be sufficient to terminate his term of imprisonment. When, however, the prisoner has so conducted himself that the right of credit is gone, it is as though it never accrued to him. Such seems to be the construction given by courts of other jurisdictions to statutes similar to the one under consideration. See Ex Parte Taylor, 13 Pac. 2nd 906; and Stephens v. Conley, 138 Pac. 189. In the case of Aderhold v. Perry, 59 F 2nd 379, the Circuit Court of Appeals for the 5th Circuit, in passing upon a similar question as here presented, among other things, said, "the 'record of conduct' essential to entitle the prisoner to the credit is not his record for any particular month or year, but for the entire term. The evil arising from any other construction is manifest. If misbehavior defeated only a credit * * * for the time already expired, then one who has been in prison for but a few months would have practically no inducement to conduct himself prop-

erly, and the inducement to good conduct would increase as the term neared expiration; but if the credit is made to depend upon good behavior during the entire term the inducement is always the same." We think this construction applies with equal force in the instant case since it seems to be in consonance with the purpose and intent of the legislature in enacting the law.

Having reached the conclusion that relator is not entitled to the relief sought, the writ of habeas corpus is denied.

Opinion approved by the Court.