**Roy Mussilinio MEADOWS, Petitioner-Appellant,**

v.

**Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Respondent-Appellee.**

**No. 30207.**

United States Court of Appeals, Fifth Circuit.

Nov. 11, 1970.

Roy M. Meadows, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a federal convict for the writ of habeas corpus. We reverse.[1]

Appellant, while on parole from the United States Penitentiary at Lewisburg, Pennsylvania, was arrested in the Southern District of Georgia on charges of interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312. A pa-

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

role violator warrant was issued but not executed. Appellant remained in custody on the Dyer Act charges from March 5, 1968 until October 16, 1968, when he was tried and convicted.

On August 1, 1969, this Court reversed the conviction and remanded for a new trial. United States v. Meadows, 5th Cir. 1969, 412 F.2d 860. Subsequently the charges were dismissed.

On August 1, 1969, the same day the Dyer Act conviction was reversed, the outstanding parole violator warrant was executed and appellant commenced to serve the 665 days remaining on his prior sentence.

In his habeas petition appellant contends that he should receive credit for the 665 days remaining on his earlier sentence for the time spent in custody on the invalidated Dyer Act conviction.

▇ It is clear to this Court that appellant is entitled to the relief sought. Had it not been for the intervention of the invalid Dyer Act sentence, the commencement of service of the remainder of his earlier sentence would have been advanced. See Goodwin v. Page, 10th Cir. 1969, 418 F.2d 867; Jenkins v. United States, 10th Cir. 1968, 389 F.2d 765; Tucker v. Peyton, 4th Cir. 1966, 357 F.2d 115; United States v. Maroney, M.D. Penn.1967, 264 F.Supp. 684. It is unnecessary for us to determine whether the appellant should be credited with jail time from March 5, 1968, the date of his arrest, or from October 16, 1968, the date of the invalid conviction, since he is entitled to immediate unconditional release in either case.

We do not intend that this opinion be interpreted as standing for the principle that prisoners may "bank" time. Rather, we intend that it be restricted to cases strictly within the factual situation here involved, i. e. time served on an invalid sentence at a time when a presently existing sentence could have been served.

The judgment below is reversed.