Charles Henry **GENTRY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43844.

Court of Criminal Appeals of Texas.

March 24, 1971.

James R. Harris, Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an out-of-time appeal. Appellant was convicted in Cause No. 2923 in the District Court of San Patricio County on November 20, 1962, and sentenced to five years for the offense of rape. Later, on May 23, 1963, the appellant was convicted for the possession of marihuana in Cause No. 11,516 in the District Court of Nueces County. His punishment was assessed at 15 years.

Still later, on October 2, 1963, appellant was convicted in Cause No. 3,007 in the District Court of San Patricio County for the offense of robbery by assault. His punishment was assessed at confinement for a term of ten years, and the sentence was cumulated onto the Nueces County marihuana conviction. This appeal stems from that sentence, which was pronounced on October 14, 1963.

On December 31, 1969, in Cause No. CA#66–C–114 in the United States District Court for the Southern District of Texas, the court vacated the judgment and sentence in the marihuana case and gave the State of Texas 90 days in which to re-try the appellant for the offense involved in that conviction.

In the same order which vacated appellant's conviction in the marihuana case, the federal court vacated the sentence in the robbery case from the District Court of San Patricio County, subject to the appellant being re-sentenced by that court with the benefit of counsel within 90 days from that order, and being furnished a meaningful out-of-time appeal from the judgment and sentence of that court.

On March 23, 1970, the appellant was re-sentenced in the robbery case, in the District Court of San Patricio County, at which time the court ordered the sentence to run consecutively to the sentence in the rape case. The sentence in the rape conviction expired on August 23, 1966.

The appellant does not question the sufficiency of the evidence or point to any procedural error occurring at his original trial.

Appellant contends that since the Nueces County marihuana conviction was vacated and not re-tried, there was no marihuana conviction at all and that the court originally cumulated the sentence at bar on nothing. Therefore, he reasons that, by cumulating this case on the rape conviction, the court has increased his sentence.

The State contends that the ten-year robbery sentence, imposed as consecutive to the marihuana sentence, began to run only from the date that the marihuana sentence was declared invalid; therefore, the trial court's attempt to cumulate the robbery sentence on the rape sentence was ineffective, and appellant can claim credit on the robbery sentence only from December 31, 1969.

In Goodwin v. Page, 10 Cir., 418 F.2d 867, the petitioner was convicted for murder in 1936 and was paroled under such conviction in 1961. While on parole, he committed a robbery and was returned to prison as a parole violator. He was convicted for such robbery in 1963 and the robbery sentence was cumulated to the 1936 murder conviction. In 1969, he applied for a writ of habeas corpus in the federal district court and the same was granted, setting aside the murder conviction on a confrontation question. On appeal, the Circuit Court upheld the trial court's finding as to the murder conviction. In addition, they held that the robbery sentence should begin at the time it was imposed, saying:

"To hold otherwise would abuse due process, shock the judicial conscience and effect the imposition of a cruel and unusual punishment under the eighth amendment."

In Meadows v. Blackwell, 433 F.2d 1298, the Fifth Circuit Court of Appeals, writing on a similar question, held that " * *

time served on an invalid sentence at a time when a presently existing [valid] sentence could have been served" must be credited to that valid sentence.

The facts before us here fall within the scope of Goodwin v. Page, supra, and Meadows v. Blackwell, supra.

■ We hold that because appellant's conviction for possession of marihuana was held invalid, the later consecutive sentence based on the robbery conviction ran independently, that is, from the date of its imposition (October 14, 1963).

The trial court may not now attempt to increase the punishment assessed by attempting, at the time of re-sentencing with counsel, to cause the sentence to begin to run at a later date, that is, the date that the rape conviction expired or was fully satisfied. To do so would be a clear violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, and the Fifth Amendment to the United States Constitution.

Therefore, since appellant was re-sentenced on March 23, 1970, he is entitled to credit on such sentence from the date of October 14, 1963, and such credit shall include the time credited during service of the first prison sentence for good behavior, etc. while in the Texas Department of Corrections. See North Carolina v. Pearce, supra, Footnote 5.

■ Appellant contends that he is entitled to "good time" under Art. 6184*l*, Vernon's Ann.Civ.St., for the time he spent away from the Department of Corrections pursuing his habeas corpus relief. The purpose of Art. 6184*l*, supra, is to "encourage prison discipline." The statute reads "while in prison." Appellant could not be "orderly, industrious and obedient" to the Department of Corrections' officials while he was away from the prison. Under the holding of this Court in Ex parte Boyd, Tex.Cr.App., 212 S.W.2d 156, "good time" is not an automatic right of all persons imprisoned. As the Department

of Corrections has no way to determine what "reward"[1] should be bestowed upon appellant for his behavior in jail, they have no authority to give him any commutation of time for good conduct.

The judgment of the trial court is affirmed, with the sentence reformed as stated above.