Alphonse JOHNSON, Petitioner-
Appellee,

v.

C. Murray HENDERSON, Warden, Lou-
isiana State Penitentiary, Respondent-
Appellant.

No. 71–3125

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1972.

Jack P. F. Gremillion, Atty. Gen. of
La., Stacey Moak, Asst. Atty. Gen., Baton
Rouge, La., for respondent-appellant.

Alphonse Johnson, pro se.

Before BELL, DYER and CLARK,
Circuit Judges.

PER CURIAM:

The State of Louisiana appeals
from an order of the district court, 328
F.Supp. 704, granting relief to a
Louisiana state prisoner on a writ of
habeas corpus. We affirm.

Alphonse Johnson was convicted of
theft in a state court in 1959. After
serving one-third of his 10-year sentence
he was paroled; but while on parole he
pled guilty to simple burglary and was
sentenced, on January 11, 1968, to five
years. The five-year sentence was to run
consecutively with the balance of the ten-
year sentence, the parole having been
revoked. However, on December 2, 1970,
the earlier theft conviction was declared
void in a habeas corpus proceeding in
the United States District Court for the
Western District of Louisiana. The
state was given 30 days to retry Johnson,
but failed to do so. Johnson then sought
relief in the court below claiming credit
on his five-year sentence for all time
served on the prior void conviction.
Alternatively, he contended that he was at
least entitled to credit from the date his
five-year sentence was imposed. The dis-
trict court found no merit to Johnson's
first contention, Davis v. United States
Attorney General, 432 F.2d 777 (5th Cir.

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 431
F.2d 409, Part I (5th Cir. 1970).

1970), but found his second to be meritorious and directed the state to give him credit on his five-year sentence from the date of imposition.

Had it not been for the intervention of the invalid ten-year sentence, Johnson would have commenced service of the five-year sentence on the day of its imposition. Therefore he is clearly entitled to credit on his five-year sentence from the date of its imposition. Meadows v. Blackwell, 433 F.2d 1298 (5th Cir. 1970).

Affirmed.