**Ex parte Luther M. VASQUEZ.**

No. 55140.

Court of Criminal Appeals of Texas.

July 13, 1977.

Stephen M. Orr, Austin, for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, for the State.

OPINION

DAVIS, Commissioner.

This is a post-conviction writ of habeas corpus brought under the provisions of Art. 11.07, V.A.C.C.P.

On May 7, 1971, petitioner was convicted of possession of a narcotic drug, to-wit, heroin, and murder with malice aforethought. He was assessed punishment at ten years for each offense, with each sentence to begin October 7, 1970, and run concurrently with a federal conviction that petitioner was serving.

The record does not reflect the federal offense for which petitioner was convicted, nor the sentence therein. It appears petitioner is still incarcerated in the federal penitentiary. He contends he has been denied "good time" credit for his state convictions while in federal custody.

In *Ex parte Williams*, 551 S.W.2d 416 (June 1, 1977), we held that a defendant was entitled to good time credit on a state conviction for time spent in federal custody after his state conviction became final. The basis of our decision in *Williams* was stated as follows:

"In this day of efficient modern communications, however, we see no practical reason for denying a Texas inmate a reward for good time conduct which he earned while he was confined in another jurisdiction yet subject to the 'constructive custody' of the Texas Department of Corrections. We stated in *Gentry v. State*, supra [Tex.Cr.App., 464 S.W.2d 848], that one of the reasons good time credit is not awarded to prisoners who are not in the actual physical custody of the Department of Corrections is that

Texas officials have no way to determine what reward should be bestowed on the inmate for his behavior while in the custody of some other jurisdiction. This language, while it may be appropriate where there are no records, is certainly no excuse for denying 'good time credits' where the records are readily available. " 'But for' the federal conviction, petitioner would have been transferred to the Department of Corrections when the state conviction became final. The federal incarceration precluded 'physical custody' but petitioner was still in 'constructive custody' of the Department of Corrections. As petitioner did not have his choice of custodian, it is repugnant to Article 1, Section 19, of the Texas Constitution to deny him credit for good conduct while in the federal institution. Obviously, the records will have to be available to see if this conduct would satisfy their predicate in awarding the petitioner good time credit. . . . After sentencing has become final, the defendant is in the custody of the Department of Corrections either through 'constructive' or 'physical' detention. It is this rationale that compels this Court to require the Department of Corrections to apply 'good time' credit equal to both; therefore, the Department of Corrections' officials shall make whatever decisions are appropriate in awarding petitioner with good time credit, if any, based upon the records from the federal authorities."

The petitioner in the instant case, unlike the defendant in *Williams*, is still incarcerated in the federal penitentiary and has not been transferred to the Texas Department of Corrections. He contends, however, that the Department of Corrections should be ordered to extend any "good time" credit now which has accrued to petitioner from his incarceration until the present, so that a possible delay will not result when he is transferred to the Department of Corrections from the federal institution.

We find petitioner's request to be premature. The Texas Department of Corrections cannot *decide* to award petitioner "good time" until he is in "physical custody" and not merely in "constructive custody." In *Williams v. State,* supra, we stated:

"There is no question that the inmate must be in the 'physical custody' of the Department of Corrections before 'good time' can be awarded for any previous confinement."

We further stated in footnote one of *Williams* :

"Of course, this decision to reward good time can be made only after a prisoner has been placed in the physical custody of the Texas Department of Corrections. See *Gardner v. State*, supra [Tex.Cr.App., 542 S.W.2d 127]."

Once petitioner has been transferred to the Texas Department of Corrections his federal records may be reviewed and a determination made as deemed appropriate in awarding petition any good time credit for time spent in federal custody. In this way, state authorities will not be forced to continuously review petitioner's current federal "good time" status to determine his state "good time" awards.

Petitioner's requested relief is denied.

Opinion approved by the Court.