Edward E. ALLEN, Petitioner–Appellant,

v.

Joseph CRABTREE, Respondent–Appellee.

No. 97–35472.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 1998.

Decided Aug. 31, 1998.

John E. Storkel, Storkel & Grefenson, Salem, Oregon, for petitioner-appellant.

Kenneth C. Bauman, Assistant United States Attorney, Portland, Oregon, for respondent-appellee.

Appeal from the United States District Court for the District of Oregon; James A. Redden, District Judge, Presiding. D.C. No. CV–96–1232–ST.

Before: ALARCON, FERGUSON, and BRUNETTI, Circuit Judges.

ALARCON, Circuit Judge:

Edward Allen ("Allen") appeals from the dismissal of his habeas corpus petition challenging the manner in which the Bureau of Prisons ("BOP") is computing Allen's service of his federal sentence. He contends that the district court erred in concluding that he is not entitled to credit on the consecutive sentence he was ordered to serve for a parole violation for the time he spent in custody prior to the remand for resentencing on his most recent conviction. We affirm because we conclude that Allen has not demonstrated that he is entitled to such credit.

I

Allen was indicted in the District of Arizona on July 15, 1987 on charges of filing false tax returns in violation of 18 U.S.C. § 287. On July 29, 1987, Allen was indicted in the District of Oregon. He was charged with three counts of making false statements on loan applications in violation of 18 U.S.C. § 1014. Allen pleaded guilty to count three of the District of Oregon indictment and to count one of the District of Arizona indictment on October 13, 1987, and was sentenced to five' years probation in both cases.

On December 15, 1993, Allen was indicted by a federal grand jury on forty-seven counts of making false statements to financial institutions in violation of 18 U.S.C. § 1014. On January 31, 1994, Allen was convicted on thirty-five of the forty-seven counts. On October 11, 1994, he was sentenced to 46 months imprisonment on these convictions. The district court also revoked the probationary sentence imposed as a result of Allen's plea to the charges in the Arizona and Oregon 1987 indictments. Allen was sentenced to serve 60 months imprisonment, to be served consecutively to the 46-month sentence imposed in the instant case.

Allen appealed from the 1994 judgment of conviction and the sentencing decision. On July 3, 1996, we vacated Allen's conviction on two counts, and affirmed the convictions on thirty-three counts. *See United States v. Allen,* 88 F.3d 765, 772 (9th Cir.1996)("*Allen I* "). We vacated Allen's sentence and remanded to the district court for resentencing on the remaining counts. *Id.*

On September 3, 1996, while in federal custody, Allen filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 requesting that the district court issue a writ "requiring the Respondent [Joseph Crabtree, Warden, FCI Sheridan] to permit the Petition[er] to start serving his sencond [sic] sentence in this case and to credit all time in federal custody on that charge."

A magistrate judge recommended that the habeas corpus petition be dismissed, explaining that Allen's claim rested on the erroneous assumption that in *Allen I* we had vacated not only Allen's sentence, but the underlying convictions as well. The district court, adopting the findings and recommendations of the magistrate judge, dismissed Allen's § 2241 petition on April 15, 1997. Allen appeals from the dismissal of his § 2241 petition.

II

Allen contends that when we vacated his 46-month sentence in *Allen I,* he immedi-

ately began to serve the consecutive, 60–month sentence imposed in connection with the 1987 federal indictments. He also argues that he is entitled to receive credit towards the second sentence for the time spent in custody on the first sentence. We review *de novo* a district court's decision to grant or deny a federal prisoner's petition for habeas corpus. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997).

Allen relies on *Johnson v. Henderson*, 455 F.2d 983 (5th Cir.1972), and *Meadows v. Blackwell*, 433 F.2d 1298 (5th Cir.1970) in support of this argument. In *Johnson*, the defendant had been convicted of theft and sentenced to ten years imprisonment. 455 F.2d at 983. He was released on parole after serving one-third of his ten-year sentence. *Id.* While on parole, the defendant pleaded guilty to a burglary charge. *Id.* His parole was revoked. *Id.* He was sentenced to serve five years in prison on the burglary charge. *Id.* This sentence was ordered to be served consecutively to the remaining 80 months on the theft conviction. *Id.* Subsequently, the theft conviction was declared void following a proceeding filed pursuant to 28 U.S.C. § 2254. *Id.* The state was given 30 days to retry Johnson. *Id.* It failed to do so. *Id.* The court held that "[h]ad it not been for the intervention of the invalid ten-year sentence, Johnson would have commenced service of the five-year sentence on the day of its imposition. Therefore, he is clearly entitled to credit on his five-year sentence from the date of its imposition." *Id.* at 984.

In *Meadows*, the appellant was arrested on March 5, 1968 for interstate transportation of a stolen motor vehicle in violation of the Dyer Act, 18 U.S.C. § 2312. 433 F.2d at 1298–99. At the time of his arrest, Meadows was on parole from a federal penitentiary. *Id.* at 1298. A parole violation warrant was issued but not executed. *Id.* at 1298–99. Meadows was convicted for the Dyer Act violation on October 16, 1968. *Id.* at 1299. The Dyer Act *conviction* was reversed on August 1, 1969. *Id.* Those charges were subsequently dismissed. *Id.* On the same date, the outstanding parole warrant was executed and Meadows commenced serving the *remaining* 665 days for the crime which preceded his arrest for interstate transportation of a stolen vehicle. *Id.*

Meadows filed a habeas corpus petition in which he alleged that the time he spent in custody on the Dyer Act violation should be deducted from the 665 days remaining on his earlier sentence. *Id.* The Fifth Circuit agreed. It reasoned that "[h]ad it not been for the intervention of the invalid Dyer Act sentence, the commencement of service of the remainder of his earlier sentence would have been advanced." *Id.* The court also stated that "[i]t is unnecessary for us to determine whether the appellant should be credited with jail time from March 5, 1968, the date of his arrest, or from October 16, 1968, the date of the *invalid conviction*, since he is entitled to immediate unconditional release in either case." *Id.* (emphasis added).

In this matter, unlike the situation in *Johnson* and *Meadows*, Allen's convictions on 33 counts were affirmed by this court in *Allen I. See* 88 F.3d at 772. The convictions on two other counts were reversed based on the insufficiency of evidence to prove that the Southern Oregon Federal Credit Union ("SOFCU"), one of the defrauded financial institutions, was federally insured. *Id.* at 768–69. We remanded for resentencing because (1) the loss to SOFCU was erroneously included in calculating the actual loss; and (2) the district court incorrectly refused to hold a hearing to determine the validity of Allen's contention that his prior convictions were constitutionally infirm. *Id.* at 770–72. Upon remand, the district court resentenced Allen on the 33 counts wherein the judgment of conviction was affirmed.

Because the *convictions* were invalid, the Fifth Circuit concluded that the appellants in *Johnson* and *Meadows* were entitled to credit on their valid consecutive sentences for the term in custody prior to the reversal of the judgments. We concluded in *Allen I* that the judgment of conviction on 33 felony counts was valid. *Id.* By vacating the original sentence and remanding for resentencing on the remaining 33 counts, we did not determine that Allen should not have been imprisoned for these crimes. Instead, we directed the district court to recalculate the sentences after holding a *de novo* sentencing proceeding. We decline to extend the rule adopted by the Fifth Circuit in *Johnson* and *Mead-*

*ows* to cases where only the sentence, but not the first of a series of convictions is reversed prior to the date a consecutive sentence is to be served.

## III

Controlling BOP policy provides that vacation of a sentence pending resentencing does not result in the commencement of another sentence ordered to be served consecutively to the vacated one. Program Statement 5880.28, *Sentence Computation Manual CCCA*, pp. 1–18 ("If an SRA [new law] term is vacated solely for the purposes of resentencing, then the date the sentence begins will be the same as the original computation.").

Former § 3568 of Title 18 of the United States Code stated in pertinent part: "The Attorney General shall give any such person [federal prisoner] credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." 18 U.S.C. § 3568 (repealed 1987). In *United States v. Clayton*, 588 F.2d 1288 (9th Cir.1979), this court construed § 3568 to mean that "[i]t is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due." *Id.* at 1292. In the Sentencing Reform Act of 1984, Congress rewrote § 3568 and recodified it at § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 332, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). In *Wilson*, the Supreme Court held that under § 3585(b), "the Attorney General, through the BOP, has the responsibility for administering the sentence." *Id.* at 335, 112 S.Ct. 1351. *Wilson* and *Clayton* establish that the Attorney General, acting through the BOP, has the statutory authority under § 3585(b) to compute a federal prisoner's sentence. *See id.*

Although § 3585(b) does not speak directly to the question posed by Allen, the Supreme Court explained in *Chevron U.S.A. v. Natural Resources Defense. Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), that where a "court determines Congress has not directly addressed the precise question at issue ... the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. 2778. The *Chevron* court held that:

considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer.... If this choice represents a reasonable accommodation of conflicting policies that were committed to the agency's care by the statute, we should not disturb it unless it appears from the statute or the legislative history that the accommodation is not one that Congress would have sanctioned.

*Id.* at 844–45, 104 S.Ct. 2778 (internal quotation marks and citations omitted).

Allen does not argue, nor do we conclude, that BOP policy is contrary to Congressional intent. Consequently, this court has "a duty to respect [the] legitimate policy choices made by" the BOP. *See Chevron*, 467 U.S. at 866, 104 S.Ct. 2778.

## IV

Allen was resentenced *nunc pro tunc* to 41 months imprisonment on October 21, 1997, with credit for time served. At the resentencing, the district court stated: "Communication with the Bureau of Prisons indicates that ... the release date on this sentence [the 41–month sentence in the instant case] would be calculated as of February 15, 1997. And then the 60–month sentence would start...." The time Allen served in federal prison up to the date on which his sentence was vacated, plus the time Allen served until resentencing, has been credited towards his first sentence pursuant to BOP policy. Consequently, Allen is not entitled to have this time credited towards his second sentence. *See* 28 U.S.C. § 3585(b) (disallowing double crediting). Finally, because Allen has been resentenced since the filing of his § 2241 petition, the possibility alluded to by Allen in his reply brief of being falsely imprisoned while awaiting resentencing on the first sentence has been foreclosed. The district court's dismissal of Allen's § 2241 petition is AFFIRMED.