Bailon Pascua LaFRADEZ,
Petitioner—Appellant,

v.

Raymond ANDREWS, Warden,
Respondent—Appellee.

No. 01–16584.
D.C. No. CV–00–06014–HGB.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2003.*

Decided Jan. 17, 2003.

Before HUG, ALARCON, and GRABER, Circuit Judges.

MEMORANDUM **

Bailon LaFradez appeals pro se the denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We have jurisdiction. 28 U.S.C. § 2253. We review de novo the denial of a petition filed under 28 U.S.C. § 2241, *see Taylor v. Sawyer*, 284 F.3d 1143, 1147 (9th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 889, 154 L.Ed.2d 799 (2003) (No. 02–7092), and we vacate and remand.

LaFradez contends that he is entitled to custody credit toward his federal sentence

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for time served in prison during the pendency of his state and federal prosecutions, because the federal government had primary custody of him. *See* 18 U.S.C. § 3585(b)(1). Although LaFradez is incorrect as to which jurisdiction had custody, *see United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir.1980) (holding that, typically, the sovereign that first arrests a prisoner acquires priority of custody), we vacate and remand for further factual findings.

The district court concluded that LaFradez received credit on his state sentence for time served in state custody, so there was no need to credit the federal sentence. *See* 18 U.S.C. § 3585(b)(2); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir.1998) (recognizing that 18 U.S.C. § 3585(b) prohibits double credits). However, based on our review of the record, it appears that LaFradez may not have received full credit for the time he spent in state custody pending his convictions.[1] Accordingly, we remand for such further proceedings as may be appropriate and for more complete factual findings as to whether any time that LaFradez spent in state custody should be credited toward his federal sentence. *See* 18 U.S.C. § 3583(b)(2).

**VACATED and REMANDED.**

---

1. The federal prison employee's affidavit is general and provides no specifics about the Hawaii sentence calculations. Therefore, the affidavit is insufficient to allow us to calculate the appropriate credit, if any.

