NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 27, 2009[*]
Decided September 1, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1521

| | |
|---|---|
| KEVIN KANE, | Appeal from the United States District |
|    *Petitioner-Appellant*, | Court for the Central District of Illinois. |
| | |
|    *v.* | 1:08-cv-01159-MMM |
| | |
| JEROME ZUERCHER, | Michael M. Mihm, |
|    *Respondent-Appellee*. | *Judge*. |

O R D E R

Kevin Kane petitioned for a writ of habeas corpus to compel the Bureau of Prisons to credit against his federal prison term the time he served in state custody before sentencing. See 28 U.S.C. § 2241. The district court dismissed Kane's petition without prejudice on the ground that he filed it without first exhausting his administrative remedies. We affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Kane was arrested by Illinois authorities in 2002 for home invasion and pleaded guilty to that charge in 2003. Pending his state sentencing, Kane was indicted by a federal grand jury for attempted possession with intent to distribute a controlled substance, see 21 U.S.C. §§ 846, 841(a)(1), and possession of a firearm in furtherance of a drug offense, see 18 U.S.C. § 924(c)(1)(A). He was turned over to federal authorities in July 2003 and, after pleading guilty to the federal charges, remained housed in the Metropolitan Correctional Center in Chicago until June 8, 2004. On that day he appeared in state court and was sentenced on the home-invasion charge to four years imprisonment, which the Illinois court deemed satisfied by time served. Later that month state authorities released Kane into federal custody where, at last, a sentence of 78 months was imposed.

Kane was displeased that he would have to serve his entire federal sentence, having already spent approximately two years in jail, almost a year of which was at the Metropolitan Correctional Center, a federal facility. Using different procedural vehicles, Kane filed three motions in which he asked the district court to reduce his sentence based on his presentence incarceration. We are asked to review only the last of those, Kane's § 2241 petition, which the district court dismissed without prejudice after the government pointed out that Kane had not initiated, let alone exhausted, his administrative remedies with the BOP.

A district court has no power to give credit for time served; that authority rests solely with the BOP. See *United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (interpreting 18 U.S.C. § 3585); *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). A district court, though, may review under § 2241 the BOP's ruling on an inmate's request for presentence credit. See *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992); *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999). But even that review was unavailable to Kane because he did not address his request to the BOP in the first instance, and the district court reasonably concluded that he should have taken that step.

Although, as the government concedes, there is no express exhaustion requirement in 28 U.S.C. § 2241, a district court is entitled to require a prisoner to exhaust the administrative remedies that the BOP offers before it will entertain a petition. See generally *McCarthy v. Madigan,* 503 U.S. 140, 144 (1982); see also *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997) (requiring exhaustion). And the BOP has an extensive set of procedures available to inmates. See 28 C.F.R. §§ 542.10 to 542.16. We need not decide here how far the exhaustion requirement goes or what exceptions should be recognized; we may assume that exhaustion would not be required if it were futile, and we may also assume (as the government argues) that a district court's decision to require exhaustion should be reviewed for an abuse of discretion.

Kane concedes that he did not use administrative channels to ask the BOP for presentence credit, but he argues on appeal that he should be excused from the exhaustion requirement because, as he reads the governing statute, 18 U.S.C. § 3585(b), the BOP is barred from awarding him the credit he wants and thus exhaustion would be futile. The state of Illinois gave Kane credit for the time he spent in custody before his federal sentencing, including the months he was housed in the Metropolitan Correctional Center, and thus, Kane reasons, the BOP is precluded from counting that same time against his federal sentence. See 18 U.S.C. § 3585(b); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *United States v. Rivers*, 329 F.3d 119, 121 n.1 (2d Cir. 2003); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998). Kane may well be correct that the BOP's hands are tied, but he also may be mistaken. Until he asks, we cannot know whether it may yet be able to grant some relief. Compare *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (noting, in the context of the Prison Litigation Reform Act, that exhaustion often may lead to changes in conditions or circumstance that resolve, in whole or in part, the grievance). The district court here did not abuse its discretion when it decided that Kane must ask the BOP first for whatever it is he wants and give the BOP an opportunity to decide whether it is empowered or persuaded to do anything for him.

Accordingly, the judgment of the district court is AFFIRMED.