**Patrick Daniel KENNY, Petitioner,**

v.

**Linda SANDERS, Warden, Respondent.**

**Case No. CV 08–1773–GW(RC).**

United States District Court,
C.D. California.

May 11, 2010.

Patrick Daniel Kenny, Lompoc, CA, pro se.

Assistant U.S. Attorney LA–CV, Office of U.S. Attorney, Los Angeles, CA, Priya Sopori, Office of U.S. Attorney, Riverside, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

GEORGE H. WU, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other

papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that: (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered denying the petition and dismissing the action with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on petitioner.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable George H. Wu, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

### BACKGROUND

#### I

On February 9, 2005, in United States District Court for the Northern District of California case no. CR–05–0079–WHA ("Kenny I"),[1] petitioner Patrick Daniel Kenney was indicted on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Kenny I. At the time, petitioner was in state custody serving 12 months for violating state parole. Declaration of Cheryl A. Pauley ("Pauley Decl.")

¶¶ 3A, 4A–B, Exh. 1. On April 8, 2005, while serving his state sentence, petitioner was transferred to a federal detention facility pursuant to a writ of habeas corpus ad prosequendum. Kenny I; Pauley Decl. ¶¶ 3C, 4C, Exh. 3. On November 8, 2005, petitioner was again released on state parole, albeit subject to a federal detainer. Pauley Decl. ¶ 4D, Exh. 1.

On November 7, 2005, in Kenny I, petitioner pleaded guilty to, and was convicted of, one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and on March 21, 2006, he was sentenced to 63 months imprisonment and a three-year term of supervised release. Pauley Decl. ¶ 3B, Exh. 2. The United States Bureau of Prisons ("BOP") calculated that petitioner was entitled to 132 days of presentence credits for the period of November 9, 2005, through March 20, 2006. Pauley Decl. ¶¶ 3F, 4H, Exh. 6.

#### II

On March 17, 2008, petitioner, a federal inmate proceeding pro se, filed the pending habeas corpus petition under 28 U.S.C. § 2241, challenging BOP's failure to amend his presentence credits for the time he spent in a federal detention facility between April 8 and November 7, 2005. On June 26, 2008, respondent answered the petition, and on August 18, 2008, petitioner filed a reply.

### DISCUSSION

■ The authority to calculate a federal inmate's sentence is delegated to the Attorney General, who exercises it through BOP. *United States v. Wilson*, 503 U.S. 329, 334–35, 112 S.Ct. 1351, 1354–55, 117 L.Ed.2d 593 (1992); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir.1998), *cert. de-*

---

1. Pursuant to Fed.R.Evid. 201, this Court takes judicial notice of the docket sheet and related documents in Kenny I.

*nied,* 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999). Under 18 U.S.C. § 3585(b), a defendant convicted of a federal crime has the right "to receive credit for certain time spent in official detention before his sentence begins." *Wilson,* 503 U.S. at 330, 112 S.Ct. at 1352. Specifically, Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added).

■ Here, from November 8, 2004, until he was released on parole from state custody on November 8, 2005, petitioner was serving a 12 months state sentence for violating his parole, and all of this time was **before** petitioner was convicted of his federal offense. Since petitioner received credit against his state sentence for the time he spent in custody prior to November 8, 2005, he is not entitled to credit against his federal sentence for the same period of time. 18 U.S.C. § 3585(b); *see also Wilson,* 503 U.S. at 337, 112 S.Ct. at 1355–56 ("Congress made clear [in Section 3585(b) ] that a defendant could not receive a double credit for his detention time."); *Boniface v. Carlson,* 856 F.2d 1434, 1436 (9th Cir.1988) (per curiam) (Applying the

similarly-worded precursor to 18 U.S.C. § 3585, and concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time."); *United States v. Labeille–Soto,* 163 F.3d 93, 99 (2d Cir.1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

■ The general rule is that the state retains "primary jurisdiction" [2] over an inmate who is serving state time despite the inmate's transfer to federal custody, and federal custody begins only when the state authorities have relinquished the inmate upon satisfaction of the state term. *Taylor,* 164 F.3d at 444–45; *Thomas v. Brewer,* 923 F.2d 1361, 1366–67 (9th Cir.1991). A writ of habeas corpus ad prosequendum does not alter this general rule; rather, "[w]hen an accused [in state custody] is transferred [to federal custody] pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas,* 923 F.2d at 1367 (quoting *Crawford v. Jackson,* 589 F.2d 693, 695 (D.C.Cir.1978), *cert. denied,* 441 U.S. 934, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979)); *see also Taylor,* 164 F.3d at 444 ("[B]ecause [petitioner] appeared pursuant to a valid writ of habeas corpus ad prosequendum, he was still in state custody when he was delivered to the federal court for the . . . hearing and for the . . . sentencing."). Therefore, petitioner is not en-

---

**2.** The Ninth Circuit has held that the term "primary jurisdiction":

> refers to the determination of priority of custody and service of sentence between state and federal sovereigns. A lack of "primary jurisdiction" does not mean that a sovereign does not have jurisdiction over a

defendant. It simply means that the sovereign lacks priority of jurisdiction for purposes of trial, sentencing and incarceration. *Taylor v. Reno,* 164 F.3d 440, 444 n. 1 (9th Cir.1998), *cert. denied,* 527 U.S. 1027, 119 S.Ct. 2377, 144 L.Ed.2d 780 (1999) (citations omitted).

titled to credit against his federal sentence for the time he spent in a federal detention facility between April 8 and November 7, 2005. *Thomas,* 923 F.2d at 1367–68; *Chuong Minh Luong v. Woodring,* 314 Fed.Appx. 975, 976 (9th Cir.2009); *see also Rios v. Wiley,* 201 F.3d 257, 274 (3d Cir. 2000) ("[T]he general rule prohibiting double credit articulated in section 3585(b) applies equally to situations where, as here, the prisoner was in federal control pursuant to a writ of habeas corpus ad prosequendum during the time period for which a pre-sentence credit is sought."). For these reasons, petitioner's habeas corpus petition must be denied.

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered denying the petition and dismissing the action with prejudice.

DATE: January 11, 2010.