FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL SERRATO, | No. 11-56624 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-01621-GHK |
| v. | |
| LINDA SANDERS, Warden, U.S.P. Lompoc, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Federal prisoner Paul Serrato appeals pro se from the district court's
judgment dismissing his 28 U.S.C. § 2241 habeas petition. We have jurisdiction
under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Serrato contends that he is entitled to credit toward his federal sentence for the time he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. The argument is unpersuasive because he remained subject to the state's jurisdiction during the time he spent in federal custody pursuant to the writ. *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991). Accordingly, the credits earned during that period apply only to Serrato's state sentence and cannot be credited towards his federal sentence. *See* 18 U.S.C. § 3585(b); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) (noting that section 3585(b) disallows double crediting of time served).

Serrato also argues that he is entitled to credit against his federal sentence for the time served in state custody. He is not entitled to credit for time served for a separate state offense because the district court imposed his federal sentence to run consecutively to his state sentence. *See* 18 U.S.C. § 3584(a); *see also Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002) (federal officials are not bound by a state court's direction that state and federal sentences run concurrently).

For the foregoing reasons, Serrato's remaining arguments lack merit.

**AFFIRMED.**