**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY LEON GREENHILL, | No. 12-57027 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-04244-JFW |
| v. | |
| FRANCISCO J. QUINTANA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Federal prisoner Anthony Leon Greenhill appeals pro se from the district court's judgment denying his 28 U.S.C. § 2241 habeas petition. We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a section 2241 habeas petition de novo and factual findings for clear error, *see Reynolds v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010), *abrogated on other grounds by*

*Setser v. United States*, 132 S. Ct. 1463 (2012), and we affirm.

Greenhill contends that he is entitled to credit toward his federal sentence for time he served in state custody. The district court did not clearly err in concluding that Greenhill was in state custody serving a 12-month parole revocation sentence between January 11, 1994, and January 11, 1995. Accordingly, Greenhill is not entitled to any credit against his federal sentence for this period. *See* 18 U.S.C. § 3585(b); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) section 3585(b) disallows double crediting for time served).

We reject Greenhill's contention that he is entitled to nunc pro tunc designation because that determination is left to the discretion of the Bureau of Prisons. *See Reynolds*, 603 F.3d at 1151-52.

**AFFIRMED.**