FILED

MAY 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SCOTTIE B. LAY,

    Petitioner - Appellant,

 v.

GILL, Warden,

    Respondent - Appellee.

No. 13-15190

D.C. No. 1:12-cv-01250-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding[**]

Submitted May 13, 2014[***]

Before:  CLIFTON, BEA, and WATFORD, Circuit Judges.

 Federal prisoner Scottie B. Lay appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition. We have jurisdiction

---

 [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**]  The parties consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

 [***]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review the denial of a section 2241 petition de novo, *see Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 132 S. Ct. 1463 (2012), and we affirm.

Lay contends that he is entitled to credit toward his federal sentence for the time he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. The argument is unpersuasive because he remained subject to the state's jurisdiction during the time he spent in federal custody pursuant to the writ. *See Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998). The record reflects that the credits earned during that period were applied to Lay's state sentence, and therefore they cannot be credited towards his federal sentence. *See* 18 U.S.C. § 3585(b); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) (section 3585(b) disallows double crediting for time served).

Lay also contends that the district court erred when it held his habeas corpus petition to the "high standard applied to legal findings of lawyers." The record does not support this contention.

**AFFIRMED.**