McNARY, APPELLEE, *v.* GREEN, SUPT., MARION CORRECTIONAL INSTITUTION, APPELLANT.

[Cite as McNary v. Green, Supt., 12 Ohio St. 2d 10.]

(No. 41166—Decided October 25, 1967.)

*Mr. Dan H. McCullough*, for appellee.
*Mr. William B. Saxbe*, attorney general, and *Mr. Leo J. Conway*, for appellant.

*Per Curiam.* The single question raised by this action is whether a prisoner is entitled to have the time served under a sentence which is subsequently vacated credited to a prior existing sentence.

It is appellant's position that the conviction which was vacated was voidable and not void and that there was a binding judgment between the state and the appellee which continued until it was vacated. It is appellant's argument that the time served was served under a conviction which was valid until it was set aside and that appellee is not entitled to have this time credited to his prior conviction.

We are not concerned in the instant case with whether such judgment is void or voidable. We are concerned with the

time appellee has served under a sentence which has been declared illegal.

The court vacated appellee's 1961 conviction on the ground that he had been denied his constitutional right to counsel. Where a conviction is vacated on the ground that it was invalid the court, in effect, determines that the conviction was invalid at the time it was entered, to wit, in the present case in 1961. The invalidity relates to the time judgment is entered, not when it was vacated. This principle is especially applicable where such invalidity is based on lack of counsel, for such lack connotes lack of due process, not simple trial error.

It follows that if appellee's conviction was invalid the sentence imposed thereunder was also invalid. Yet, under such invalid sentence appellee was deprived of his liberty for several years. There is no question that appellee served time under this invalid sentence, and that his parole under his prior sentence was revoked as a result of the invalid conviction. During the time appellee was in custody under this invalid conviction he could have been at large on parole on his 1957 conviction with his sentence running thereon, or if he had violated his parole he could have been in custody serving his time on the 1957 conviction. In either event, his 1957 sentence would have been running and by now would have expired.

The sound rule in such a case is that time served under a conviction which is subsequently vacated and not reimposed should be credited to a prior existing sentence which was not running during the period the accused was in custody under the vacated sentence.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.