**Paul GOODWIN, Appellee,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellant.**

**No. 303–69.**

United States Court of Appeals
Tenth Circuit.

Nov. 18, 1969.

H. L. McConnell, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen., and W. Howard O'Bryan, Jr., Asst. Atty. Gen., on the brief), for appellant.

Milton Keen, Oklahoma City, Okl. (Max Moulton, Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal taken on behalf of appellant Warden of the Oklahoma State Penitentiary, from an order and judgment granting relief to Goodwin, a state prisoner, on his petition for habeas corpus filed in the United States District Court for the Eastern District of Oklahoma. Similar relief had earlier been denied to Goodwin by the Court of Criminal Appeals of Oklahoma after an evidentiary hearing. Goodwin v. Page, 444 P.2d 833. However, it clearly appears that the material facts were not adequately developed at the state court hearing and that the federal court properly held an independent evidentiary hearing. 28 U.S.C. § 2254(d) (3). The multiple federal constitutional problems involved in the 1936 state court pre-trial and trial proceedings are reflected in the district court's exhaustive findings and conclusions. 296 F.Supp. 1205. Included in such findings and dispositive of Goodwin's claim to relief from the 1936 conviction is the following:

> The Court further finds that at the trial of the petitioner, upon the co-defendant Lindsey's refusal to testify, the Trial Court permitted the prosecution to introduce into evidence a confession of Lindsey, read to the jury by the Chief of Police, in which it was stated that the petitioner shot the deceased Whitson, and which statement further related other acts of robbery, grand larceny, burglary, etc., and refused to admit into evidence after the prior admission of the damaging statement by Lindsey, an earlier confession of Lindsey wherein he stated that he was the one that killed the officer; petitioner was not confronted by the co-defendant Lindsey as a witness against him and had no opportunity to cross-examine him.

> The Trial Judge compounded the effect and prejudice created by the written statement admitted into evidence and added dignity to it by permitting

it to be read to the jury by the Chief of Police of Seminole County, Oklahoma. *Id.* at 1211.

■ The finding is amply supported in the record. It is undisputed that Goodwin and one Lindsey were charged with the 1936 murder of a Seminole City police officer; that at the trial court level each of the accused was represented by counsel, Goodwin by Attorney Hill and Lindsey by Attorney Billingsley; that separate trials were ordered and that the state elected to try Goodwin first. Although there is now no record transcript of Goodwin's trial and many of the participants in the trial are now dead, two witnesses testified at the federal hearing as to what transpired at that trial. Attorney Billingsley was present with his client Lindsey and R. E. Criswell, a prosecutor at the trial, was an active participant at the trial. Both witnesses testified that an extra-judicial statement of Lindsey, accusing Goodwin of firing the fatal shot, was admitted in evidence and that another and earlier statement by Lindsey confessing that he was the actual killer was refused as evidence. Billingsley also testified that he attended the Goodwin trial for the very purpose of assuring that Lindsey did not testify. Such procedure was a particularly abusive denial of Goodwin's constitutional right to confrontation and demands federal relief under the mandate of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, given retroactive effect in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, and applicable to the states through the compulsion of Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. The trial court was manifestly correct in holding that Goodwin's 1936 conviction was constitutionally void.

■ Goodwin was sentenced to life imprisonment on the 1936 murder conviction. He was paroled in 1961, and while on parole, committed the crime of robbery. His parole was revoked in 1962 and he was returned to the penitentiary. In 1963, after trial and conviction for robbery, he was sentenced to five years for this offense. He had been incarcerated continuously since 1962 until released by order of the trial court in 1969. Appellant now contends that the five-year sentence, imposed as consecutive, begins to run only from the date the 1936 conviction is declared legally invalid. We do not agree.[1] Where a petitioner is serving a sentence which is held void, a later consecutive sentence based on a different crime runs independently. *E.g.,* United States ex rel. McKee v. Maroney, 264 F.Supp. 684, 686–687 (M.D.Pa.), citing cases. Granting such relief on habeas corpus is consonant with the expansive interpretation given 28 U.S.C. § 2241(c) (3) by the Supreme Court. Peyton v. Rowe, 391 U.S. 54, 66–67, 88 S.Ct. 1549, 20 L.Ed.2d 426. See also Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. To hold otherwise would abuse due process, shock the judicial conscience and effect the imposition of a cruel and unusual punishment under the eighth amendment. Goodwin's five-year sentence has been fully served.

Affirmed.

1. The only bar to the court's so holding, Meyers v. Hunter, 10 Cir., 160 F.2d 344, cert. denied, 331 U.S. 852, 67 S.Ct. 1730, 91 L.Ed. 1860, was impliedly discredited by the Supreme Court's overruling of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (attacks on future consecutive sentences not allowed by habeas corpus), in Peyton v. Rowe, 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426, since *McNally* was relied on in *Meyers* as authority that a federal court could not "modify" or "revise" a judgment of a state court on habeas corpus. 160 F.2d at 346.