THE STATE OF OHIO, APPELLEE, *v.* PRESTON, APPELLANT.

[[Cite as State v. Preston, 20 Ohio App. 2d 333.]

(No. 4870—Decided December 16, 1969.)

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. John A. Kicz,* for appellee.

*Mr. Edward L. Williams,* for appellant.

LYNCH, P. J.  On March 4, 1952, defendant, appellant herein, entered a plea of guilty to armed robbery before Judge Maiden, now deceased, in Mahoning County Common Pleas Court case No. 18284 and was sentenced to the Ohio State Penitentiary for ten to twenty-five years.  On the same day defendant also pled guilty to being a habitual criminal in case No. 18319 and was sentenced to the Ohio State Penitentiary for life.  Thereupon, in accordance with Section 13744-3, General Code (now Section 2961.13, Revised Code), the previous sentence for armed robbery was vacated and set aside.

On March 7, 1968, this court vacated the final judgment in case No. 18319 because it was invalid and remanded the cause to the Mahoning County Common Pleas Court for further proceedings in case No. 18284 (armed robbery).

On October 8, 1968, Judge Osborne found defendant to be a psychopathic offender as defined in Section 2947.24 (B), Revised Code. Judge Osborne sentenced defendant to the Ohio State Penitentiary for ten to twenty-five years under Section 2901.13, Revised Code, but suspended this sentence and committed defendant indefinitely to Lima State Hospital pursuant to Section 2947.25 (B), Revised Code. Defendant is appealing Judge Osborne's order sentencing defendant.

The issue in this case is whether Judge Osborne was in error in not granting defendant credit for the time spent in the Ohio State Penitentiary from 1952 to 1968 on the armed robbery charge at issue in this case.

There is no question that defendant has a bad record. The report of the Superintendent of Lima State Hospital is that defendant is a psychopathic offender; that he is neurotic; and that it is felt that he has criminal tendencies and is to be considered potentially dangerous and a menace to the public. However, the fact that defendant is a psychopathic offender does not make him guilty of any crime in Ohio. It is a fact to be considered in the punishment to be imposed upon a person after he has been convicted of a crime.

The crime that defendant committed and pled guilty to is armed robbery, and, under Section 2901.13, Revised Code, the Judge of the Common Pleas Court, who had the responsibility of sentencing defendant for this crime, had to sentence defendant for ten to twenty-five years in the Ohio State Penitentiary pursuant to Section 2901.13, Revised Code. This was done by Judge Maiden on March 4, 1952.

The constitutional right of former jeopardy under Section 10, Article I of the Ohio Constitution prohibits a second punishment for the same offense. *State* v. *McGraw*, 86 Ohio Law Abs. 490; 15 Ohio Jurisprudence 2d 440, Criminal Law, Section 255.

We hold that Judge Osborne was in error in sentencing defendant for the second time on October 8, 1968, for the same offense for which defendant had been sentenced by Judge Maiden on March 4, 1952. We hold further that Judge Osborne's only function when defendant came before him on October 8, 1968, was to vacate Judge Maiden's order of March 4, 1952, which had vacated and set aside the sentence of defendant to the Ohio State Penitentiary for ten to twenty-five years, because of what is now Section 2961.13, Revised Code. This, in effect, would reinstate Judge Maiden's other order on March 4, 1952, sentencing defendant to ten to twenty-five years to the Ohio State Penitentiary. *Romito* v. *Maxwell, Warden*, 10 Ohio St. 2d 266.

The next question is whether defendant is entitled to credit on the armed robbery conviction of March 4, 1952, for the time spent in the Ohio State Penitentiary from 1952 to 1968 for the invalid charge of being a habitual criminal.

When this court vacated defendant's conviction as a habitual criminal on the ground that it was invalid, we, in effect, determined that the conviction was invalid at the time it was entered, to wit, on March 4, 1952. It follows that if defendant's conviction was invalid the sentence imposed thereunder was also invalid.

We hold that, when a person has served time in a penal institution on an invalid charge as a habitual criminal, the time served in the penal institution on such invalid charge should be credited to the pending valid charge whose sentence was vacated and set aside pursuant to Section 2961.13, Revised Code. *McNary* v. *Green, Supt.*, 12 Ohio St. 2d 10.

Therefore, defendant should be given credit on the armed robbery conviction of March 4, 1952, for the time served in the Ohio State Penitentiary from 1952 to 1968 for the invalid charge of being a habitual criminal.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*

O'NEILL and JOHNSON, JJ., concur.