[STATE, EX REL.] MOON, *v.* OHIO ADULT PAROLE AUTHORITY.

[Cite as State, ex rel. Moon, v. Parole Authority (1970), 22 Ohio St. 2d 29.]

(No. 69-713—Decided April 8, 1970.)

*Mr. Dallas Moon, Jr., in propria persona.*

*Mr. Paul W. Brown,* attorney general, and *Mr. James S. Rood,* for respondent.

*Per Curiam.* This action presents a single question for determination: is a declared parole violator, while

incarcerated in an Ohio county jail pending disposition of charges against him, "available for return" to the custody of the Parole Authority within the meaning of R. C. 2967.15?

R. C. 2967.15, *supra*, in pertinent part, provides that, in the event a parolee is declared a parole violator, "The time from the date of the declared violation of his pardon or parole to the date he becomes available for return to the institution shall not be counted as a part of time or sentence served." Consequently, if petitioner was "available for return" he is entitled to have the period of his incarceration in the Montgomery County Jail during which he was a declared parole violator credited to his time served.

This court has previously had several opportunities to consider similar questions. *Smouse* v. *Perini* (1968), 16 Ohio St. 2d 13; *Whitaker* v. *Maxwell* (1966), 6 Ohio St. 2d 202; *Carter* v. *Maxwell* (1964), 177 Ohio St. 35; *Cline* v. *Haskins* (1964), 175 Ohio St. 480; *Bush* v. *Maxwell* (1963), 175 Ohio St. 207. However, none of these cases involve the precise point in issue here.

In *Whitaker, Carter* and *Cline,* the parole violators were incarcerated in other jurisdictions. The violators sought to have the time from their releases in other states to the time of their return to Ohio credited to their time served. This court disallowed the credit holding that Ohio has no duty to seek out parole violators.

In *Smouse* and *Bush,* parole violators were convicted and sentenced for crimes committed while on parole. They sought to have the time served on those sentences credited to the sentences from which they had been paroled. However, the court refused them credit holding that during the time served for the subsequent crimes, the parole violators were not in the custody of the Adult Parole Authority for the initial crimes. Consequently, the time so served was not served for the initial crimes.

It might be argued that the above cases establish a general rule that the Adult Parole Authority has no duty

to take a parole violator into its custody and that a parole violator is not "available for return" unless he is in the custody of the Authority for a violation of his parole. See *Williams* v. *State* (Okla. 1969), 450 P. 2d 232. If this were the rule, it is conceded that petitioner herein would not have been "available for return." However, it appears that such a rule would be contrary to the purposes and intent of R. C. 2967.15, as expressed by specific language therein.

The General Assembly chose the language "available for return to the institution" in lieu of "in custody of the Adult Parole Authority." In the cases discussed above, the parole violators were, in fact, unavailable for return by the Adult Parole Authority. In *Whitaker, Carter* and *Cline, supra,* the parole violators were unavailable to the Authority without the state first taking action to pursue the violators beyond the borders of the state and have them returned to the state. In *Smouse* and *Bush, supra,* the parole violators were unavailable because they were serving sentences for intervening crimes.

The rule in *Williams* v. *State, supra,* is also contrary to the general disinclination of this state to permit a criminal to be incarcerated for a period of time for which he receives no credit. R. C. 2967.191; *McNary* v. *Green* (1967), 12 Ohio St. 2d 10. In R. C. 2967.191, the General Assembly has permitted the Adult Parole Authority to reduce any sentence by the number of days the criminal was incarcerated in a county jail or state processing facility subsequent to a guilty verdict or guilty plea, but prior to the commencement of the sentence. In *McNary* v. *Green, supra,* this court held that time served under a sentence subsequently vacated must be credited to a prior existing sentence.

When no action by the state is necessary to locate or take into custody a parole violator, other than one who is incarcerated on another charge in the institution from which he was paroled, he is "available for return" within the meaning of R. C. 2967.15. That same section places

an affirmative duty on the superintendent of parole supervision to order the return of the violator to the institution from which he was paroled within a reasonable time. In the instant case, there was nothing to prevent the superintendent from ordering petitioner's return pending disposition of the narcotics charges. Where this is all that is required to secure his return, the Adult Parole Authority will not be heard to say that the violator was unavailable. The violator must either be returned or credited with the time served in the county jail.

Accordingly, petitioner is entitled to the relief sought. It is, therefore, hereby ordered that the Ohio Adult Parole Authority correct its records to show that the petitioner has been given credit as time served for the period he was incarcerated in the Montgomery County Jail while a declared parole violator and affect his release accordingly.

*Writ allowed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.*

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.