THE STATE OF OHIO, APPELLEE, *v.* DAWN, APPELLANT.

[Cite as State v. Dawn (1975), 45 Ohio App. 2d 43.]

(No. C-74612—Decided August 18, 1975.)

*Mr. Simon L. Leis, Jr.,* and *Mr. Leonard Kirschner,* for appellee.

*Mr. H. Fred Hoefle* and *Mr. Max A. Levin,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; transcript of the docket and journal entries and original papers from the Court of Common Pleas of Hamilton County; the assignment of error; and the briefs of the parties, which were submitted without oral argument.

On August 16, 1974, defendant Henry Clay Dawn, the appellant herein, entered a plea of guilty to having stolen, along with two co-defendants, two paintings by Rembrandt, entitled, "Portrait of an Elderly Woman" and "Man Leaning on a Sill." On October 21, 1974, the defendant was sentenced to serve a term of not less than one nor more than five years in the Ohio Reformatory.

At the sentencing hearing, defendant moved the trial court to order the Ohio pardon and parol commission to accord the defendant with credit for time he had served during 1971 and 1972 on a burglary conviction in Clermont County, which conviction was later reversed by this court. See *State* v. *Dawn,* unreported, First District Court of Appeals Clermont County, No. 345, November 20, 1972.

This motion was overruled by entry on November 7, 1974, whereupon the defendant initiated this appeal.

The defendant argues in his sole assignment of error that:

"The trial court erred in not granting appellant's motion for an order crediting his sentence with approximately eighteen months' imprisonment served by appellant on a prior conviction in another county which was reversed as being contrary to the manifest weight of the evidence."

Defendant contends that by the overruling of his motion, he was denied due process and equal protection of the law. He cites no authority, and our independent research has disclosed none for the proposition that a defendant is entitled to credit for time served where the time sought to be applied related to an entirely different crime in another jurisdiction. There appears to be no precedent, established by case law, for allowing a defendant credit for time served on a prior conviction in another jurisdiction towards a later, totally unrelated conviction, even where such prior conviction was reversed, and the defendant discharged. Nor do we find any statutory authority for such an allowance.

Clearly, Ohio statutory law provides that a defendant is entitled to credit for time served if such imprisonment is related to the offense for which he was tried and convicted. See R. C. 2967.191. However, where, as here, the time sought to be utilized arose out of a set of facts separate and apart from the instant conviction and arose in another jurisdiction, such statute is inapplicable. The defendant was denied neither due process nor equal protection of the law by the action of the trial court in overruling his motion. The single assignment of error is not well taken. The judgment of the Court of Common Pleas of Hamilton County is affirmed.

*Judgment affirmed.*

SHANNON, P. J., PALMER and KEEFE, JJ., concur.