IN RE SMITH.

(No. CA 86-03-041—Decided
December 15, 1986.)

*John Holcomb,* prosecuting attorney, and *Michael S. Conese,* for appellee.

*James Francis Long,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County.

On January 24, 1984, defendant appellant, Charles Smith, was adjudicated a delinquent child by reason of having committed an act which would constitute a felony if committed by an adult, for which he was sentenced to a twelve-month minimum commitment to the custody of the Department of Youth Services. The sentence was suspended and appellant was placed on probation.

On June 18, 1984, appellant was found in violation of the terms of his probation and committed to the Department of Youth Services. In December 1984, appellant was granted an early release from institutional care. However, on September 5, 1985, a complaint was filed in the Butler County Juvenile Court alleging that appellant had violated the terms and conditions of his early release.

On July 31, 1985, appellant was found in violation of the terms and conditions of his release, and was found delinquent in violation of his parole. The case was continued for the final disposition, to be held on September 30, 1985. However, appellant did not appear for the hearing. At that time, appellant's whereabouts were unknown.

After appellant attained the age of eighteen years, he was convicted of driving under the influence, for which he was sentenced to incarceration in the Butler County Jail from December 21 through December 24, 1985.

When appellant was arrested on the DUI charge, a "holder" was placed on him for his pending juvenile delinquency case. Because the juvenile court did not realize that appellant was being held in the adult jail, he remained there until February 4, 1986, when the final dispositional hearing was held. On that date, his probation was revoked and he was ordered to the Department of Youth Services to serve a six-month, seven-day minimum commitment, the balance of his sentence. Appellant was remanded to the Butler County Jail pending placement. Thus, from December 21, 1985 until February 6, 1986, appellant was incarcerated as an adult in the Butler County Jail. On July 22, 1986, this court stayed appellant's sentence pending appeal.

Appellant timely filed the instant appeal naming the following assignment of error:

"The Juvenile Court erred to the prejudice of Appellant in failing to reduce Appellant's minimum commitment to T.I.C.O. by the number of days he served as an adult, in an adult jail facility, awaiting his juvenile court hearing."

R.C. 2151.38(C), provides in part as follows:

"* * * If a child is released on parole or is assigned subject to specified terms and conditions and the court * * * has reason to believe that the child has not deported himself in accordance with any post-release terms and conditions * * * , the court * * * may, in its discretion, schedule a time for a hearing on whether the child violated any of the post-release terms and conditions. If the court * * * conducts a hearing and determines at the hearing that the child violated any of the post-release terms and conditions * * *, the court may, if it determines that the violation of the terms and conditions was a serious violation, order the child to be returned to the department of youth services for institutionalization, or in any case, may make any other disposition of the child authorized by law that the court considers proper. If the court * * * orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of three months."

There is no statute specifically authorizing a trial court to grant an adjudged delinquent credit for time served while awaiting his dispositional hearing. However, because appellant was confined as an adult, we feel that he should have the benefit of R.C. 2967.15, which mandates the procedures for revocation of parole for adults. R.C. 2967.15 states in relevant part:

"[A] prisoner who has been paroled, who * * * has violated the conditions of his pardon or parole shall be declared a violator. In such case, the time from the date of the declared violation of his pardon or parole to the date he becomes available for return to the institution shall not be counted as a part of time or [of] sentence served. * * *"

A declared adult parole violator is "available for return" within the meaning of R.C. 2967.15 when "no action by the state is necessary to locate or take into custody a parole violator, other than one who is incarcerated on another charge in the institution from which he was paroled." *State, ex rel. Moon,* v. *Parole Authority* (1970), 22 Ohio St. 2d 29, 31, 51 O.O. 2d 60, 61, 257 N.E. 2d 740, 741.

In the case *sub judice,* no action was necessary for the state to locate appellant or take him into custody once he was being held in the adult jail pending his disposition, and we can find no justification in the record for the court's having delayed his "return to the institution." Nor is there any indication in the record that denial of credit in this case would facilitate appellant's rehabilitation. Therefore, appellant should have been credited for the time spent in the adult jail after the date on which he was due for release on the DUI charge.

Accordingly, appellant's sole assignment of error is sustained.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

JONES, P.J., and HENDRICKSON, J., concur.

CASTLE, J., dissents.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.